FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2015 SEP -3 P 3: 40

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| EXCLUSIVE JETZ CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:15cv1134 LMB/TCB |
| vs. ) | |
| ) | |
| EXCLUSIVE JETS, LLC, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Exclusive Jetz Corp. ("Plaintiff"), for its Complaint against Defendant Exclusive Jets, LLC ("Defendant"), herein alleges:

### PARTIES

1. Plaintiff is a corporation organized under the laws of the State of Delaware with its principal place of business located at 100-12020 Sunrise Valley Drive, Reston, VA 20191.

2. Upon information and belief, Defendant is a limited liability company organized under the laws of the State of North Carolina with its principal place of business located at 2730 Rouse Rd. Ext., Kinston, NC 28504.

### JURISDICTION AND VENUE

3. This action arises under the laws of the United States and under Virginia law.

4. This action is brought pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), the Virginia Consumer Protection Act, § 59.1-200, and the common law of unfair competition.

5. This court has personal jurisdiction over the Defendant because, upon information and belief, Defendant does business in this judicial district in Virginia, and Defendant has caused harm in this judicial district.

6. This court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§1331, 1338 and 15 U.S.C. § 1121 because the complaint states claims that arise under federal law and present federal questions. The court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the Defendants are doing business in this judicial district, and a substantial part of the events giving rise to the claims occurred in this district.

## BACKGROUND FACTS

<u>Plaintiff's Business and Trademark</u>

8. Plaintiff is well-known in the private jet industry for providing its customers with high-quality services, such as consulting related to the acquisition, sale, and leasing of aircraft, aircraft management, aircraft crew services, aircraft brokerage and management of fractional ownership services and aircraft timesharing under the mark EXCLUSIVE JETZ ("Mark").

9. Plaintiff adopted and has extensively used the Mark the since at least as early as March 2010, accruing over five (5) years of strong common law rights in the Mark.

10. Plaintiff is the owner of U.S. Serial No. 86/691,546 for EXCLUSIVE JETZ, claiming "consulting services, namely, advising others on the acquisition, sale, and leasing of aircraft; business management services, namely, aircraft management for others; aircraft crew scheduling services" in Class 35 and "aircraft brokerage; formation, brokerage, and management of aircraft fractional ownership services; formation, brokerage, and management of aircraft timesharing

services; aircraft appraisal and valuation services; aircraft financing services" in Class 36 (Plaintiff's Services). A printout from the USPTO's database (TSDR) evidencing the current status and ownership of the application, is attached as **Exhibit A**.

11. Plaintiff offers Plaintiff's Services under the Mark in interstate commerce.

12. Plaintiff has spent and continues to spend money and time promoting and advertising Plaintiff's Services under the Mark. As a result of such promotion and advertising coupled with the reputation of the high quality of Plaintiff's Services, the Mark has attained customer recognition and goodwill in the relevant market. The Mark and the goodwill of the business associated therewith are of inestimable value to Plaintiff

13. Plaintiff and Defendant are competitors in the private jet industry.

<u>Defendant's Infringement and Unfair Competition</u>

14. Upon information and belief, on June 4, 2013, Defendant incorporated in accordance with the laws of the State of North Carolina, under the trade name EXCLUSIVE JETS, LLC. Defendant then began promoting and selling services under the mark EXCLUSIVE JETS (the "Infringing Mark").

15. Defendant's domain name, exclusivejetsllc.com, incorporates the Infringing Mark, and its website displays the Infringing Mark to promote its private jet services in the same market as Plaintiff.

16. Defendant's use of the Infringing Mark, in interstate commerce, is likely to cause customer confusion with Plaintiff's established Mark.

17. In early 2015, Plaintiff was contacted by a customer who was misled into believing that Defendant and Plaintiff were the same company.

18.     The customer, familiar with Plaintiff's EXCLUSIVE JETZ mark, assumed he was doing business with the Plaintiff when Defendant contacted him using the Infringing Mark. The customer was confused by Defendant's use of the Infringing Mark, which he assumed originated from Plaintiff.

19.     As soon as Plaintiff learned that Defendant was representing themselves under the Infringing Mark, on or about April 20, 2015, and before Defendant had invested any significant time and money into its "brand" and prior to Defendant's launching of its official website <exclusivejetsllc.com>, Plaintiff notified Defendant, both by telephone and writing, of Plaintiff's prior rights in EXCLUSIVE JETZ and demanding that Defendant cease and desist use of the phonetically identical mark EXCLUSIVE JETS in order to avoid confusion in the marketplace. A copy of Plaintiff's April 20, 2015 correspondence is attached as **Exhibit B.**

20.     In response, on May 14, 2015, Defendant, through its counsel, replied via email to Plaintiff, refusing to comply with Plaintiff's demand to cease use of the infringing EXCLUSIVE JETS mark and proceeded to launch its business website, using the Infringing Mark. A copy of Defendant's May 14, 2015 correspondence is attached as **Exhibit C.**

21.     On May 26, 2015, Plaintiff, this time through counsel, again contacted Defendant, providing a second notice of infringement and reiterating Defendant's demand that Defendant cease and desist its use of the Infringing Mark. A copy of Plaintiff's May 26, 2015 correspondence is attached as **Exhibit D.**

22.     Defendant, through its counsel, responded on June 5, 2015, again refusing to acknowledge Plaintiff's rights or comply with Plaintiff's demand to cease use of the Infringing Mark. A copy of Defendant's June 5, 2015 correspondence is attached as **Exhibit E.**

23. On August 17, 2015, Plaintiff, through its counsel, responded to Defendant's June 5, 2015 correspondence, providing a third and final notice of infringement and reiterating Plaintiff's demand that Defendant cease and desist its use of the Infringing Mark. A copy of Plaintiff's August 17, 2015 correspondence is attached as **Exhibit F.**

24. Defendant, through its counsel, responded on August 18, 2015, maintaining its refusal to acknowledge Plaintiff's rights or comply with Plaintiff's demand to cease use of the Infringing Mark. A copy of Defendant's August 18, 2015 correspondence is attached as **Exhibit G.**

25. Defendant began use of the Infringing Mark well after Plaintiff's established use in the relevant market.

26. The Infringing Mark duplicates Plaintiff's Mark with the only visual difference being a single letter substitution – the substitution of the phonetically equivalent "S" for Plaintiff's "Z".

27. Both Plaintiffs Services and Defendant's services are similar and offered in the same market.

28. Services bearing Plaintiff's Mark and services bearing the Infringing Mark are offered in the same channels of marketing and trade and to the same consumers.

29. Defendant's use of the confusingly similar Infringing Mark in connection with services indistinguishable from Plaintiff's Services has caused actual confusion, as described above, and is likely to continue to cause a substantial number of consumers to be mistaken, confused, or deceived into thinking that Defendant's services are offered by, endorsed by, sponsored by, or affiliated with the Plaintiff.

30. The false impression created by Defendant use of the Infringing Mark constitutes trademark infringement and unfair competition.

31. Defendant has no association or affiliation with Plaintiff, nor does Defendant have the consent of Plaintiff to use the Infringing Mark.

32. Plaintiff does not control the quality of services offered by Defendant, and the rights in Plaintiff's mark, and the associated goodwill, are jeopardized by Defendants unauthorized use of the Infringing Mark. Upon information and belief, Defendant has been and continues to use the Infringing Mark in connection with services confusingly similar to Plaintiff's Services and in the same market.

33. Defendant continues to use the Infringing Mark after receipt of both actual and constructive notice that such use is infringing.

34. Defendant's infringement is knowing and willful.

35. On information and belief, Defendant adopted the Infringing Mark with the intent to trade off the reputation and goodwill in Plaintiff's Mark and in a bad faith attempt to deceive or to create a mistake or confusion in the minds of Plaintiff's customers and potential customers and of the public, to palm off Defendant's services as those of Plaintiff's, and to create the false impression of a connection, affiliation, association, sponsorship, or approval of or between Plaintiff and Defendant, all causing irreparable injury to Plaintiff's Mark and business.

36. Plaintiff has no adequate remedy at law.

## COUNT I

### Trademark Infringement, Unfair Competition, False Designation of Origin and False and Misleading Representations - 15 U.S.C. §1125(a)

37. Plaintiff repeats and realleges the allegations in all previous paragraphs, as if fully set forth herein.

38. Upon information and belief, Defendant's use in commerce of the confusingly similar trade name and infringing mark EXCLUSIVE JETS in connection with the advertising,

marketing, and promotion and sale of private jet services constitutes a use in interstate commerce that is likely to cause confusion and mistake and to deceive consumers as to the source or origin of Defendant's services such that consumers may believe that Defendant is sponsored by, authorized by, or affiliated or connected with Plaintiff and may cause further deception such that consumers may arrive at Defendant's site when searching the Internet for Plaintiff's Services under its Mark.

39. Defendant's false designation of origin, false description, and false representation that Defendant and its products and services are sponsored by, authorized by, or affiliated with Plaintiff are in violation of 15 U.S.C. § 1125(a).

40. Upon information and belief, Defendant has intentionally, knowingly and willfully adopted and used a name, mark or false designation of origin likely to cause confusion in the marketplace as to the source, origin, or sponsorship of the services being offered by Defendant.

41. As a result of these wrongful acts, Plaintiff is entitled to recover actual and treble damages, reasonable attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117. In addition, Defendant's acts are causing and continue to cause Plaintiff irreparable harm in the nature of loss of control over its reputation and loss of substantial consumer goodwill. This irreparable harm to Plaintiff will continue, without any adequate remedy at law, unless and until Defendant's unlawful conduct is enjoined by this Court.

## COUNT II

### Common Law Trademark Infringement

42. Plaintiff repeats and realleges the allegations in all previous paragraphs, as if fully set forth herein.

43. Based on its prior and continuous use of its Mark, Plaintiff owns and enjoys common law rights in the Commonwealth of Virginia and elsewhere in the United States to its Mark in connection with Plaintiff's Services and similar services.

44. Plaintiff has used its Mark long before Defendant's first use of the confusingly similar Infringing Mark.

45. Defendant's use of the Infringing Mark in connection with Plaintiff's Services or confusingly similar services constitutes an infringement of Plaintiff's common law rights its Mark.

46. Defendant's conduct is an attempt to trade on the goodwill that Plaintiff has developed, to the damage of Plaintiff.

47. Defendant's conduct is causing immediate and irreparable injury to Plaintiff its goodwill and reputation, and will continue damaging Plaintiff and deceiving the public unless enjoined by this Court under Virginia common law.

## COUNT III

### Common Law Unfair Competition

48. Plaintiff repeats and realleges the allegations in all previous paragraphs, as if fully set forth herein.

49. Defendant's unauthorized use of the Infringing Mark is likely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendant's services by and with Plaintiff and thus constitutes unfair competition under Virginia common law.

50. Defendant's conduct is causing immediate and irreparable injury to Plaintiff, its goodwill and reputation, and will continue to damage Plaintiff and deceive the purchasing public and trade unless enjoined by this Court pursuant to Virginia common law.

## COUNT IV

### Virginia Consumer Protection Act – Va. Code Ann. § 59.1-200

51. Plaintiff repeats and realleges the allegations in all previous paragraphs, as if fully set forth herein.

52. By virtue of its common law rights in its Mark, Plaintiff has the exclusive right to use the Mark in commerce, throughout the United States, for distribution and sale of Plaintiff's Services.

53. As a result of Plaintiff's substantial advertising and promotional efforts, Plaintiff has become widely known to consumers as the source of services bearing the Mark. The Mark is widely recognized by consumers as being associated with Plaintiff's high quality services and has become synonymous with the goodwill and reputation of Plaintiff.

54. With the full knowledge of Plaintiff's Mark, Defendant has been selling, offering for sale, distributing, advertising, marketing, and promoting in interstate commerce, and over the Internet, its competing services by utilizing the Infringing Mark that is confusingly similar to Plaintiff's Mark to divert and attract the attention and interest of consumers, customers, and other Internet users searching for Plaintiff's business.

55. Defendant's acts misrepresent the source, origin, sponsorship, and ownership of the services it wrongfully is advertising and selling or offering for sale under the Infringing Mark, in violation of Va. Code Ann. § 59.1-200.

56. Defendant's acts fraudulently represent an affiliation with Plaintiff and Plaintiff's Mark that does not exist, in violation of Va. Code Ann. § 59.1-200.

57. Defendant's actions constitute deceptive trade practices in violation of the Virginia Consumer Protection Act, Va. Code Ann. § 59.1-200.

58. As a result of Defendant's conduct, Plaintiff has suffered injury and damage to its business, reputation, and goodwill, for which Plaintiff is entitled to damages, injunctive relief, and its attorney's fees and costs incurred in litigating this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court award the following relief:

A. Permanently enjoin and restrain Defendant, and all officers, agents, servants, employees, directors, representatives, successors, assigns, related companies, those in private with Defendant or in active concert or participation with Defendant from using any trademark confusingly similar to any Plaintiff's trademarks, including without limitation, the EXCLUSIVE JETZ or EXCLUSIVE JETS trademark, from making any false or misleading claims in relation to Plaintiff, Plaintiff's business or Plaintiff's products, from representing by words or conduct that Defendant or its services are authorized, sponsored, endorsed, or otherwise connected with Plaintiff, and from any other conduct which causes, or is likely to cause, confusion, mistake, deception, or misunderstanding as to the source, affiliation, connection or association of Plaintiff's services;

B. Award and accounting for, and enter judgment against Defendant for Defendant's profits and Plaintiff's lost profits proximately caused by Defendant's false and misleading representations;

C. Award Plaintiff punitive damages for Defendant's willful and blatant infringement and to deter such misconduct by Defendant in the future;

D. Require Defendant to pay the costs of this action, together with Plaintiff's attorney fees and disbursements incurred herein for Defendant's willful and intentional infringement;

E. Award Plaintiff pre-judgment and post-judgment interest;

F. Require Defendant, pursuant to 15 U.S.C. §1118, to destroy all materials that contain copies of the false advertising claims and statements.

G. Award Plaintiff such other and further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all matters subject to decision by a jury.

Dated: September 3, 2015

Respectfully submitted,

**EXCLUSIVE JETZ CORP.**

By: _____

Devin J. Stone (VSB No. 88323)
Devin.stone@btlaw.com
**BARNES & THORNBURG LLP**
1717 Pennsylvania Ave., NW
Suite 500
Washington, DC 20006

Joan L. Long
**BARNES & THORNBURG LLP**
One North Wacker Drive
Suite 4400
Chicago, Illinois 60606-2833
Telephone: (312) 357-1313

Facsimile: (312) 759-5649